UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
IESHA MCNAIR

                        Plaintiff,

-against-

JP MORGAN CHASE BANK, N.A.

                        Defendant.
-----------------------------------------------------------------x

**CV**

**COMPLAINT**

**JURY TRIAL REQUESTED**

## COMPLAINT

Plaintiff Iesha McNair (hereafter referred to as "Plaintiff"), by counsel, The Parker Law Group P.C., as and for the Complaint in this action against Defendant JP Morgan Chase Bank, N.A. (also referred to as "Defendant"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.  This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendant. In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages, nominal damages, and attorney's fees, costs, and expenses to redress Defendant's unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations; the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"); the New York State Civil Rights Law, § 40 *et. seq.*; and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code"). As explained more fully below, Defendant owns, leases, leases to, operates, and/or controls a place of public accommodation that violates the above-mentioned laws.

1

2. This Defendant made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that it would never be caught. In so doing, Defendant made a calculated, but unlawful, decision that disabled customers are not worthy. The day has come for Defendant to accept responsibility. This action seeks to right that wrong via recompensing Plaintiff and making Defendant's place of public accommodation fully accessible so that Plaintiff can finally enjoy the full and equal opportunity that Defendant provide to non-disabled customers.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant's acts of discrimination alleged herein occurred in this district and Defendant's place of public accommodation that is the subject of this action is in this district.

## PARTIES

5. Defendant JP Morgan Chase Bank, N.A. owns the property located at 1762 Rockaway Parkway in the Canarsie section of Brooklyn, New York (hereinafter referred to as "1762 Rockaway Parkway").

6. At all relevant times, defendant JP Morgan Chase Bank, N.A. has and continues to operate a bank at 1762 Rockaway Parkway doing business as Chase Bank (hereinafter referred to as the "Chase Bank" premises).

7. Defendant is licensed to and does business in New York State.

8. At all times relevant to this action, Plaintiff Iesha McNair has been and remains currently a resident of the Canarsie section of Brooklyn, New York.

9. At all times relevant to this action, Plaintiff Iesha McNair has been and remains a wheelchair user. Plaintiff has medical conditions that inhibit walking and restrict body motion range and movement.

10. At all times relevant to this action (including 2024 and 2025), Plaintiff has been a customer of and does her banking with Chase Bank.

11. Chase Bank provides a row of at least five teller-counters for customers to conduct their transactions.

12. Despite significant and expensive remodeling, Chase Bank does not have a single wheelchair accessible teller counter.

13. All of the teller-counters at Chase Bank have a high wood paneled exterior and then a transparent panel running from the ceiling to the bottom of the wood paneling.

14. The top of the wood paneling is the area where customers exchange documents and communications through the transparent panel.

15. While seated in her wheelchair, Plaintiff cannot reach the area where customers exchange documents and money.

16. Equally important, while seated in her wheelchair, Plaintiff is unable to see the teller or communicate discreetly with the teller.

17. Plaintiff has asked Chase Bank if they have a wheelchair accessible teller counter.

18. The staff at Chase Bank have informed Plaintiff that they do not have a wheelchair accessible teller counter.

19. Plaintiff has complained to Chase Bank several times concerning the difficulty of conducting transactions and the lack of wheelchair accessibility.

20. But Chase has done nothing in response.

21. And because Chase Bank does not have a wheelchair accessible teller counter, Plaintiff is forced to endure humiliation and unwanted attention.

22. Specifically, when Plaintiff conducts a transaction, Chase Bank will have an employee come out to the customer area and treat Plaintiff like a child by having that employee stand next to Plaintiff in the customer area and conduct the transaction with the teller on behalf of Plaintiff.

23. Nobody wants to draw attention to themselves when they are conducting financial transactions and Plaintiff is no different.

24. Plaintiff will continue to have financial transactions in the future, and she desires to conduct those transactions at Chase Bank especially since this branch location is only a few blocks away from her residence.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

25. Defendant is a public accommodation as it owns, leases, leases to, controls and/or operates a place of public accommodation, the Chase Bank premises located at 1762 Rockaway Parkway, within the meaning of the ADA (42 U.S.C. § 12181 and 28

C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102(9)).

26. The Chase Bank premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102(9)) as it is a facility operated by a private entity and its operations affect commerce.

27. Numerous architectural barriers exist at the Chase Bank premises that prevent and/or restrict access to Plaintiff, a person with a disability, which includes, but are not limited to, architectural barriers at the paths of travel.

28. Upon information and belief, in 2021, Defendant spent over $150,000 on alterations to the Chase Bank premises, and to areas of 1762 Rockaway Parkway related to the Chase Bank premises.

29. Upon information and belief, in 2024, Defendant spent over $45,000 on alterations to the Chase Bank premises, and to areas of 1762 Rockaway Parkway related to the Chase Bank premises.

30. The services, features, elements and spaces of the Chase Bank premises are not readily accessible to, or usable by Plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design (hereinafter referred to as the "2010 Standards" or the "2010 ADA").

31. Because of Defendant's failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of the Chase Bank premises that are open and available to the public.

32. Defendant's place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, and/or the Building Code of the City of New York ("BCCNY").

33. Barriers to access that Plaintiff experienced, encountered and/or which deter Plaintiff from patronizing the Chase Bank premises as well as architectural barriers that exist include, but are not limited to, the following:

   I. Defendant fails to provide that at least one teller counter is accessible and dispersed throughout its premises. See 1991 Standards § 7.2; 2010 Standards §§ 227.3, 227.1, 904.4; and BCCNY §§ 1109.12, 1109.12.3.

   II. Defendant fails to provide that at least teller counter is accessible and dispersed throughout its premises. See 1991 Standards §§ 7.2, 7.3(1); 2010 Standards §§ 227.3, 904; and BCCNY §§ 1109.12, 1109.12.3.

   III. Defendant fails to provide a portion of a teller counter that is no greater than 36 inches above the finish floor and no less than 36 inches in length thereby making it impossible or exceedingly difficult for the plaintiff to conduct a transaction in a manner like non-disabled customers. See 1991 Standards § 7.2; 2010 Standards §§ 227.1, 227.3, 904.4; and BCCNY §§ 1109.12, 1109.12.3.

   IV. Defendant fails to provide the minimum required maneuvering clearances of level and clear space for an accessible path of travel to and from the teller counters. See 1991 Standards §§ 4.3, 4.2, 4.2.4, 4.32.2, 5.3; and 2010 Standards §§ 305, 305.3, 305.5, 305.6, 802.1.2, 802.1.3, 902.2, 903.1, 903.2, 902.4.1.

   V. Defendant fails to provide sufficient clear space of 30 inches by 48 inches in front of the teller counter from which to conduct the transaction. See 1991 Standards § 4.2.4.1, 7.1, 7.2; and 2010 Standards §§ 305, 904.4.

VI. Defendant fails to provide an accessible route to approach the teller counters thereby making it impossible or exceedingly difficult for the plaintiff to conduct a transaction. See 1991 Standards §§ 7.1, 4.3; and 2010 Standards §§ 904.2, 403.

VII. Defendant fails to provide an accessible route to exit the teller counters thereby making it impossible or exceedingly difficult for the plaintiff to conduct a transaction. See 1991 Standards §§ 7.1, 4.3; and 2010 Standards §§ 904.2, 403.

VIII. Defendant fails to provide that the teller counters have accessible reach ranges from which to conduct a transaction. See 1991 Standards §§ 5.6 and 4.2; 2010 Standards §§ 904.5.1, 308, 227.4.

IX. Defendant fails to provide at least 5% of the work and use table surfaces provided to customers is accessible and dispersed throughout its premises. See 2010 Standards §§ 226.1, 226.2, 902; and BCCNY § 1109.11.

X. Defendant fails to provide the minimum clear width for the waiting lines. See 1991 Standards §§ 7.3(2), 4.2.1; 2010 Standards §§ 227.5, 403; and BCCNY § 11091.5.

XI. Defendant fails to provide that the top height of the check-writing surface is between 28 and 34 inches above the finished floor. See 2010 Standards §§ 902.3, 904.3.3; and BCCNY § 1109.11.

XII. Defendant fails to display an International Symbol of Accessibility sign next to a teller counter. See 1991 Standards §§ 7.3(3), 4.30, 4.30.7; and 2010 Standards §§ 216.11, 703.7.2.1, 904.3.

XIII. Defendant's interior door requires more than five pounds of force to open. See 1991 Standards § 4.1.3(7), 4.13.11; and 2010 Standards §§ 206.5.2, 404.2.9.

34. Upon information and belief, a full inspection of the Chase Bank premises will reveal the existence of other barriers to access.

35. As required by the ADA (remedial civil rights legislation) to properly remedy Defendant's discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the Chase Bank premises to catalogue and cure all of the areas of non-compliance with the ADA. Notice is therefore given that Plaintiff intends to

amend the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

36. Defendant has denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

37. Defendant has not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have Defendant made or provided accommodations or modifications for persons with disabilities.

38. Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendant's non-compliance with the laws prohibiting disability discrimination. The barriers to access within the Chase Bank premises continue to exist and deter Plaintiff.

39. Plaintiff intends to patronize the Chase Bank premises several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

40. Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether the Chase Bank premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

41. Plaintiff intends to patronize the Chase Bank premises several times a year as "tester" to monitor, ensure, and determine whether the Chase Bank premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

42. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

43. Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA. As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility and also has restricted use of arms and hands.

44. The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation. 28 C.F.R. 36.201(b).

45. Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (i.e., lease agreement). 28 C.F.R. 36.201(b).

46. Defendant has and continues to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is a person with a disability. Defendant's policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

47. By failing to comply with the law in effect for decades, Defendant has articulated to persons with disabilities such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

48. Defendant has discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991

Standards or the 2010 Standards. See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

49. The Chase Bank premises are not fully accessible and fail to provide an integrated and equal setting for people with disabilities, in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

50. Defendant failed to make alterations accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

51. The paths of travel to the altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

52. Defendant failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make Defendant's place of public accommodation fully accessible.

53. By failing to remove the barriers to access where it is readily achievable to do so, Defendant has discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

54. In the alternative, Defendant has violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

55. Defendant's failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

56. Defendant has and continues to discriminate against Plaintiff in violation of the ADA by failing to maintain and/or create a wheelchair accessible public accommodation.

## SECOND CAUSE OF ACTION
**(VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)**

57. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

58. Plaintiff has various medical conditions that separately and together prevents the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range. Plaintiff therefore has a disability within the meaning of the Executive Law § 296(21).

59. In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

60. By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

61. Defendant has and continues to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is a person with a disability.

62. Defendant discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation.

63. Defendant has failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

64. In the alternative, Defendant has failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(iv)).

65. It would be readily achievable to make Defendant's place of public accommodation fully accessible.

66. It would not impose an undue hardship or undue burden on Defendant to make their place of public accommodation fully accessible.

67. As a direct and proximate result of Defendant's unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

68. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

69. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

70. Plaintiff has various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body

motion range - and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102(16)).

71. Defendant has and continues to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

72. Defendant has and continues to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

73. Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating, and/or maintaining an inaccessible commercial facility/space.

74. Defendant has subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

75. Defendant's policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107(4)).

76. In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendant has and continues to, aid and abet, incite, compel, or coerce others in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages,

facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

77. Defendant's conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

78. Because Defendant's public accommodation is not readily accessible and usable by people with disabilities, Defendant has demonstrated a policy or practice that has a disproportionately negative impact on people with disabilities (including Plaintiff).

79. Defendant's conduct constitutes an ongoing and continuous violation of the NYCHRL.  Unless Defendant is enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law.  In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendant's public accommodation.

80. As a direct and proximate result of Defendant's unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

81. Upon information and belief, Defendant's long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

82. By failing to comply with the law in effect for decades, Defendant has articulated to persons with disabilities such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

83. Defendant engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

84. By refusing to make their place of public accommodation accessible, Defendant has unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that it should have lawfully expended to pay for a fully compliant and accessible space. Defendant's unlawful profits plus interest must be disgorged.

85. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)**

86. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

87. Defendant discriminated against Plaintiff pursuant to New York State Executive Law.

88. Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

89. Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

**INJUNCTIVE RELIEF**

90. Plaintiff will continue to experience unlawful discrimination because of Defendant's failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order Defendant to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

91. Injunctive relief is also necessary to make Defendant's facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

92. Injunctive relief is further necessary to order Defendant to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendant, jointly and severally, in favor of Plaintiff that contains the following relief:

A. Enter declaratory judgment declaring that Defendant has violated the ADA and its implementing regulations, NYSHRL and NYCHRL and declaring the rights of Plaintiff as to Defendant's place of public accommodation, and Defendant's policies, practices, and procedures;

B. Issue a permanent injunction ordering **Defendant to close and cease all business** until Defendant remove all violations of the ADA, the 1991 Standards or the

2010 Standards, NYSHRL and NYCHRL, including but not limited to the violations set forth above;

   C. Retain jurisdiction over the Defendant until the Court is satisfied that the Defendant's unlawful practices, acts and omissions no longer exist and will not reoccur;

   D. Award Plaintiff compensatory damages and nominal damages because of Defendant's violations of the NYSHRL and the NYCHRL;

   E. Award Plaintiff punitive damages to punish and deter the Defendant for its violations of the NYCHRL;

   F. Award Plaintiff the monetary penalties for each violation of the law pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

   G. Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYCHRL, and the ADA; and

   H. For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: July 30, 2025
   New York, New York

             Respectfully submitted,

             **THE PARKER LAW GROUP P.C.**

            By:_____
             Glen H. Parker, Esq.
             Attorneys for Plaintiff
             28 Valley Road, Suite 1
             Montclair, New Jersey 07042
             Telephone: (347) 292-9042
             Email: ghp@parkerlawusa.com